IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-197-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CHRISTOPHER CIAMPA, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion to defer the order to surrender to the custody of the Bureau of Prisons. The government has responded and the matter is ripe for ruling. For the following reasons, defendant's motion is denied.

## BACKGROUND

On September 23, 2014, defendant Christopher Ciampa entered a guilty plea pursuant to a plea agreement to a criminal information that charged him with one count of conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 and one count of bribery in violation of 18 U.S.C. § 201(b)(2). This Court sentenced Mr. Ciampa to a total of 120 months in the custody of the Bureau of Prisons on September 29, 2015. Mr. Ciampa was allowed to self-report for service of sentence before 2:00pm on December 1, 2015. Following his sentencing hearing, Mr. Ciampa's attorneys, Wade Smith and Melissa Hill, filed a motion to withdraw, which the Court granted on November 12, 2015.

On November 24, 2015, acting pro se, Mr. Ciampa filed the instant motion, in which he requests that the Court defer his reporting date indefinitely until he has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which he states will be filed by January 31, 2016.

## DISCUSSION

Mr. Ciampa has already reported to FCI Ashland and is in the custody of the Bureau of Prisons. *See* www.bop.gov/inmateloc (last accessed January 5, 2016). Accordingly, his motion to defer the order to surrender is moot, as he has already surrendered. The Court will construe his motion in the alternative as a request for bail pending the resolution of a yet-to-be-filed § 2255 motion. Although the Court has the authority to release a prisoner pending the resolution of a post-conviction motion filed under 28 U.S.C. § 2255, the prisoner "must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective" in order for the Court to do so. *United States v. Eliely*, 276 F. App'x 270, 270 (4th Cir. 2008) (unpublished). Mr. Ciampa cannot meet this high bar.

To date, Mr. Ciampa has not filed a § 2255 motion. Therefore, his motion for release pending post-conviction challenge is premature. A motion to vacate filed in January 2016 also would be premature. *United States v. Tanner*, 43 F. App'x 724, 725 (4th Cir. 2002) (unpublished) ("However, a §2255 motion should not be heard where a direct appeal is pending, except in exceptional circumstances."); *see also Walker v. Connor*, 72 F. App'x 3, 4 (4th Cir. 2003) (unpublished) ("We note that at the time Walker filed his petition in the district court, his direct criminal appeal was still pending in this court. Thus, a § 2255 motion would have been premature at that time.").

Moreover, he has not demonstrated that exceptional circumstances exist making release from custody necessary for the habeas corpus remedy to be effective. While Mr. Ciampa argues that his incarceration over 400 miles from the Eastern District of North Carolina makes it difficult for him to present an effective and timely § 2255 motion to the Court, that is hardly an

exceptional circumstance. In any case where an individual is incarcerated outside his home district, it will be more difficult for him to be prepare a post-conviction motion. Simply put, Mr. Ciampa has offered "no circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). Accordingly, the Court need not address whether Mr. Ciampa has presented substantial constitutional claims on which he has a high probability of success.[1] His motion to defer the order to surrender is denied as moot, and any alternative motion for release pending resolution of a § 2255 motion is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion for release to defer the order to surrender [DE 55] is DENIED AS MOOT, and any alternative motion for release pending resolution of a § 2255 motion is DENIED.

SO ORDERED, this __7__ day of January, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, it would be hard for the Court to address this question, given that no § 2255 motion has been filed. Although the parties have briefed the issue, it would be difficult for the Court to address the likelihood of success of Mr. Ciampa's claims without the actual claims before it.