IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-197-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTOPHER CIAMPA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to request evaluation of economic loss and sentencing guidelines (DE 129), and the government's motion to dismiss (DE 129).   The motions were briefed fully and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

Defendant, a former sergeant in the United States Army, was involved in a scheme to defraud the military by obtaining payments for false transportation movement requests, and facilitating the theft of fuel designated for wartime operations.   On September 29, 2015, the court sentenced defendant to an aggregate term of 120 months' imprisonment following his convictions for conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371; and bribery of a public official, in violation of 18 U.S.C. § 201(b)(2).   The court also ordered defendant to pay restitution in the amount of $10,353,000.   Defendant's sentencing guidelines range and the restitution order were based on the court's calculation of the estimated loss to the United States.

Defendant appealed, raising a single claim challenging his restitution order. The United States Court of Appeals for the Fourth Circuit granted the government's motion to dismiss the appeal based on the appellate waiver in the plea agreement.

Defendant next moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The court dismissed this motion on the merits and the Fourth Circuit declined to issue a certificate of appealability.

Defendant now moves "to request evaluation of economic loss and sentencing guidelines under the First Step Act." In support, defendant relies on press releases, account statements, vouchers, invoices, investigatory documents, and pertinent judicial and administrative records related to the fraudulent scheme. Defendant argues these documents show that the economic loss amount used to calculate his guidelines range and his restitution amount is no longer accurate because the government has recouped the funds from other defendants in criminal and civil proceedings.

The government moves to dismiss defendant's motion, arguing in part that the motion must be construed as a successive § 2255 motion to vacate and that the court lacks jurisdiction to consider the motion because defendant failed to obtain prefiling authorization from the court of appeals. Defendant replied, arguing that he is requesting resentencing under the First Step Act and that the government misconstrued the procedural vehicle for the motion.

## COURT'S DISCUSSION

Defendant argues that the court may revisit his guidelines calculation pursuant to § 404 of the First Step Act. Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair

Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). The Fair Sentencing Act, in turn, modified the statutory penalties for certain offenses involving distribution or possession of cocaine base. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; Dorsey v. United States, 567 U.S. 260, 269 (2012).

The penalties for defendant's conspiracy and bribery convictions were not modified by the Fair Sentencing Act because these offenses did not involve distribution of cocaine base. See Terry v. United States, 141 S. Ct. 1858, 1862–63 (2021). Defendant therefore is ineligible for a sentence reduction under § 404 because he was not convicted of a covered offense.[1] See id. Furthermore, while the First Step Act does permit defendants to file motions for compassionate release, defendant cannot challenge the validity of his guidelines calculation by such a motion. See United States v. Ferguson, 55 F.4th 262, 265 (4th Cir. 2022) (holding defendant "cannot challenge the validity of his convictions and sentence through a compassionate release motion").

Following the conclusion of his direct appeal, the only avenue by which defendant can obtain substantive review of the guidelines calculation is a motion to vacate under 28 U.S.C. § 2255. See id. at 270 ("Appellant's attempt to collaterally attack his convictions and sentence via a compassionate release motion ignores the established procedures for doing so. Namely, 28

---

[1]     Defendant notes that the Federal Bureau of Prisons awarded him sentencing credits pursuant to the First Step Act. Section 101 of the First Step Act does provide for sentencing credits for certain inmates who participate in evidence-based recidivism reduction or productive activities. See First Step Act § 101, 132 Stat. at 5198; see also 18 U.S.C. § 3632(d)(4)(C). This provision, however, is distinct from § 404 and it does not authorize the court to reduce defendant's sentence.

3

U.S.C. § 2255 is the exclusive remedy for challenging a federal conviction or sentence after the conclusion of the period for direct appeal [with limited exceptions not applicable here].").[2]   As discussed above, however, the court denied defendant's first motion to vacate on the merits.   (DE 99).   Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§ 2255] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   See also 28 U.S.C. § 2255(h) (stating that § 2244(b)(3)(A) applies to second or successive § 2255 motions).   In the absence of such authorization, the court lacks jurisdiction to consider the motion.   See United States v. Winestock, 340 F.3d 200, 205–06 (4th Cir. 2003).   Where defendant has not obtained prefiling authorization from the court of appeals, the court lacks jurisdiction to consider defendant's current challenge to his sentence under § 2255.[3]   See id.

## CONCLUSION

Based on the foregoing, defendant's motion to request evaluation of economic loss and sentencing guidelines (DE 124) is DISMISSED without prejudice.   The government's motion to dismiss (DE 129) is GRANTED.

SO ORDERED, this the 30th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2]     In this order, all internal citations and quotations are omitted from citations, unless otherwise specified.
[3]      The court observes that defendant cannot challenge his restitution order under § 2255.   See United States v. Mayhew, 995 F.3d 171, 182–83 (4th Cir. 2021).

4